GARWOOD, Circuit Judge,
concurring:
I concur, and append these remarks to reflect my understanding of the contours of our holdings herein.
As Judge Dennis well explains, the evidence here adequately shows sufficient in *227 cidents of actual disruption at BHS arising from student display of the Confederate flag in the context of racial hostility and tension there. His opinion correctly notes that the challenged policies followed and were in response to incidents of “racial strife among students at the school, some of which centered on students’ display of the Confederate flag,” such as, for example, when BHS students shoved a Confederate flag in the face of several members of another high school’s all black girls’ volleyball team as they walked through the BHS hallways. Accordingly, there is no need to opine on whether some generally assumed racially inflammatory meaning associated with the Confederate flag together with evidence of racial tension at BHS would alone suffice to sustain the instant ban on students wearing the flag at the school. Any such ruminations would be essentially dicta. Moreover, there is no evidence of actual or reasonably foreseeable disruption from BHS student wearing or display of other symbols on clothing identifiable with any particular group or cause. Nor is there any evidence that the school administrators acted out of personal disagreement with or hostility to the ideas that the Confederate flag symbolized to them, or otherwise for reasons apart from concern for the danger that student display of the flag at school, in the BHS context, unreasonably risked, as the evidence adequately showed, provoking disruption, including racial physical confrontations, there. I do not read the opinion as subscribing to the questionable idea that governmental actors may restrict display of the Confederate flag on the basis of a general assumption that “some” who display that flag “may” harbor racial bias or belief in racial separation.